# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- x

In re:                                   :          Chapter 11

                                     :

MIDWAY GAMES INC., *et al.*,        :          Case No.:  09-10465 (KG)

                                     :

            Debtors.            :          (Jointly Administered)

                                     :
                                     :
                                     :
                                     :

-------------------------------------------------------------- :

THE OFFICIAL COMMITTEE OF     :
UNSECURED CREDITORS OF MIDWAY   :
GAMES INC., *et al.*,             :
                                     :

            Plaintiff,          :

                                     :

v.                                     :          Adv. Proc. No. 09-50968 (KG)

                                     :

NATIONAL AMUSEMENTS, INC., a     :
Maryland corporation, SUMCO, INC., a     :
Delaware corporation, SUMNER M.      :
REDSTONE 2003 TRUST, SUMNER M.     :
REDSTONE, an individual, SHARI E.     :
REDSTONE, an individual, ROBERT J.     :
STEELE, an individual, JOSEPH A.      :
CALIFANO, an individual, ROBERT N.     :
WAXMAN, an individual, WILLIAM C.     :
BARTHOLOMAY, an individual, and     :
PETER C. BROWN, an individual,,       :
                                     :

            Defendants.       :
                                     :
                                     :

                                     x

                                                     

**ANSWER OF DEFENDANT
NATIONAL AMUSEMENTS, INC.
TO THE FIRST AMENDED ADVERSARY COMPLAINT
OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Defendant National Amusements Inc. ("NAI"),[1] by and through its undersigned counsel,

hereby answers the First Amended Adversary Complaint (the "Complaint") of the Official

Committee of Unsecured Creditors of Midway Games Inc., *et al*. (the "Plaintiff" or the

"Committee") as follows.  Unless otherwise defined herein, terms used are as defined in the

Complaint.

## NATURE OF THE ACTION

1.      NAI admits that the Board of Directors of Midway approved certain transactions

between Midway and NAI in 2008.  NAI lacks knowledge or information

sufficient to form a belief as to the truth of the allegations concerning the amount

of Midway's director fees.  NAI denies the remaining allegations in paragraph 1.

2.      NAI admits that it loaned Midway $90 million in 2008 and that the Board of

Directors of Midway approved those transactions.  NAI denies the remaining

allegations in paragraph 2.

3.      NAI admits that it entered into a factoring agreement with Midway, that it was a

true sale, that NAI received certain fees and interest payments pursuant to that

arrangement, and that the Board of Directors of Midway approved that

transaction.  NAI lacks knowledge or information sufficient to form a belief as to

the truth of the allegations concerning information provided by Midway's

---

[1] Pursuant to this Court's Order of February 3, 2010, all claims for relief asserted against Defendants Sumco, Inc., Sumner M. Redstone Trust 2003, and Sumner M. Redstone have been dismissed.  These defendants, together with NAI, are hereinafter referred to as "NAI Defendants."

2

management to Midway's Board of Directors and other potential sources of financing for Midway.  NAI denies the remaining allegations in paragraph 3.

4.       NAI admits that Shari Redstone resigned from the Board of Directors of Midway on November 7, 2008.  NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegation that on October 29, 2008, the Board Defendants authorized the retention of professionals to assist Midway in a Chapter 11 filing.  NAI denies the remaining allegations in paragraph 4.

5.       NAI admits that on November 28, 2008, NAI, Sumco, Inc., and Sumner M. Redstone sold their equity ownership interest in Midway and NAI participated its interest in $70 million (of the $90 million) in loans owed by Midway to Thomas for $100,000 and that NAI retained its ownership interest in $20 million of Midway debt.  NAI denies the remaining allegations in paragraph 5.

6.       NAI admits that the transaction referenced in paragraph 5 above generated over $700 million in tax losses.  NAI denies the remaining allegations in paragraph 6.

7.       NAI admits that as a result of the sale of NAI, Sumco, Inc., and Sumner M. Redtsone's equity interests in Midway, an individual named Mark Thomas became the beneficial owner of approximately 87% of the outstanding common stock of Midway and that Midway was a public company.  NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Thomas had no background in the videogame industry, had no assets to invest in Midway, and refused to speak with any officer or director of Midway or to disclose his middle initial.  NAI denies the remaining allegations in paragraph 7.

8.      NAI admits that Plaintiff purports to bring this action on the grounds stated in

paragraph 8, except NAI avers that the Court, pursuant to its orders of February 3,

2010 and March 19, 2010, has dismissed all claims in this action except those for

recharacterization of NAI's remaining interests arising from the February 2008

loan transaction from debt to equity, constructive fraudulent transfer against NAI

under 11 U.S.C. § 548 and § 544 for transfers made pursuant to the February 2008

loan transaction, avoidable preference against NAI under 11 U.S.C. § 547 for

transfers made pursuant to the February 2008 loan transaction, recharacterization

of NAI's interests arising from the factoring agreement, and avoidable preference

against NAI under 11 U.S.C. § 547 for transfers made pursuant to the factoring

agreement.

## JURISDICTION AND VENUE

9.      Paragraph 9 contains legal conclusions which NAI is not required to admit or

deny.  To the extent an answer is required, NAI denies the allegations in

paragraph 9.

10.     Paragraph 10 contains legal conclusions which NAI is not required to admit or

deny.  To the extent an answer is required, NAI denies the allegations in

paragraph 10.

11.     Paragraph 11 contains legal conclusions which NAI is not required to admit or

deny.  To the extent an answer is required, NAI denies the allegations in

paragraph 11.

DB02:9471863.1                                                                                                    068244.1001

12.     Paragraph 12 contains legal conclusions which NAI is not required to admit or deny.  To the extent an answer is required, NAI denies the allegations in paragraph 12.

13.     Paragraph 13 contains legal conclusions which NAI is not required to admit or deny.  To the extent an answer is required, NAI denies the allegations in paragraph 13.

## STANDING

14.     Paragraph 14 contains Plaintiff's summary and characterization of an order of this Court, to which no response is required.  NAI refers the Court to the record for a true and accurate statement of its contents.

## THE PARTIES

15.     NAI admits that the Committee is the Plaintiff in this adversary proceeding.  NAI denies the remaining allegations in paragraph 15.

16.     NAI admits that it is a privately-held corporation organized and existing under the laws of the State of Maryland with its principal place of business in Norwood, Massachusetts.  NAI denies the remaining allegations in paragraph 16.

17.     NAI admits that Sumco is a privately-held corporation organized and existing under the laws of the State of Delaware with its principal place of business in Norwood, Massachusetts.  NAI denies the remaining allegations in paragraph 17.

18.     NAI admits that Shari E. Redstone is a resident of Massachusetts and that at certain times referenced in the Complaint Ms. Redstone was the President of NAI and Sumco and a member of NAI's Board of Directors while simultaneously serving as a member of Midway's Board of Directors; that Ms. Redstone resigned

from Midway's Board of Directors on November 7, 2008; and that Ms. Redstone

is the daughter of Sumner Redstone.  NAI denies the remaining allegations in

paragraph 18.

19.    NAI admits that Sumner M. Redstone is a resident of the State of California and

that he serves as the Chair of the Board and Chief Executive Officer of NAI.  NAI

denies the remaining allegations in paragraph 19.

20.    NAI denies the allegations in paragraph 20.

21.    NAI denies the allegations in paragraph 21.

22.    NAI admits that at certain times described in the Complaint Robert J. Steele was

Vice President of Strategy and Corporate Development while simultaneously

serving as a member of Midway's Board of Directors; and that Mr. Steele

resigned from Midway's Board of Directors on December 1, 2008.  NAI denies

the remaining allegations in paragraph 22.

23.    NAI admits that Joseph A. Califano, Jr. was a member of Midway's Board of

Directors and is also a member of the Board of Directors of CBS Corporation

("CBS").  NAI lacks knowledge or information sufficient to form a belief as to

the truth of the allegations concerning Mr. Califano's citizenship.  NAI denies the

remaining allegations in Paragraph 23.

24.    NAI admits that Robert N. Waxman was a member of Midway's Board of

Directors.  NAI lacks knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in paragraph 24.

    

25.     NAI admits that William C. Bartholomay was a member of Midway's Board of Directors.  NAI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25.

26.     NAI admits that Defendant Peter C. Brown was a member of Midway's Board of Directors until his resignation, and that Mr. Brown was also Co-Chair and Co-Chief Executive Officer (along with Shari E. Redstone) of MovieTickets.com.  NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Brown's citizenship.  NAI denies the remaining allegations in paragraph 26.

## GENERAL FACTUAL ALLEGATIONS

27.     NAI admits the allegations in paragraph 27.

28.     NAI denies the allegations in paragraph 28, except NAI admits that from January 1, 2008 until their sale of Midway common stock on November 28, 2008, NAI, Sumco, Inc., and Sumner M. Redstone owned approximately 87.2% of the outstanding shares of Midway common stock.

29.     NAI admits that Midway's directors included Shari E. Redstone, Robert J. Steele, Joseph A. Califano, and Peter C. Brown, and that Midway's Board of Directors was elected by shareholder vote.  NAI admits that Mr. Califano was elected to the Board of Directors of CBS, and that Peter C. Brown served as Co-Chair and Co-Chief Executive Officer of MovieTickets.com.  NAI denies the remaining allegations in paragraph 29.

7

30.    NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 30.  NAI denies the remaining allegations in paragraph 30.

31.    NAI denies the allegations in paragraph 31.

32.    NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.    NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34.    NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.    NAI admits that Midway formed a Special Committee of its Board of Directors to consider possible financing arrangements that Midway might make with NAI.  NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the composition of the Special Committee and the deliberations of Midway's Board of Directors.  NAI denies the remaining allegations in paragraph 35.

36.    NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.    NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 concerning the deliberations of the Special Committee of Midway's Board of Directors.  NAI denies the remaining allegations in paragraph 37.

8

38.     NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39.     NAI admits that Ms. Redstone and Mr. Steele maintained offices at NAI.  NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the permission and mandate from the Special Committee. NAI denies the remaining allegations in paragraph 39.

40.     NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.     NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.     NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43.     NAI denies the allegations in paragraph 43.

44.     NAI admits that the words quoted in paragraph 44 were stated in Mr. Redstone's deposition.   NAI denies the remaining allegations in paragraph 44.

45.     NAI denies the allegations in paragraph 45.

46.     NAI admits that on or about February 22, 2008, NAI's Board of Directors, including Shari E. Redstone and Sumner M. Redstone, unanimously approved three loan facilities to Midway that totaled $90 million; and that Shari E. Redstone was Chair of Midway's Board of Directors on that date.  NAI denies the remaining allegations in paragraph 46.

DB02:9471863.1                                                                                                                    068244.1001

47.     NAI admits that on February 27, 2008, NAI extended to Midway the loan facilities described in paragraph 47.  NAI denies the remaining allegations in paragraph 47.

48.     NAI denies the allegations in paragraph 48.

49.     NAI denies the allegations in paragraph 49.

50.     NAI admits that Midway transferred money to NAI pursuant to the NAI Facility including on certain of the dates and in certain of the amounts set forth in paragraph 50.  NAI denies the remaining allegations in paragraph 50.

51.     NAI admits that Midway's Special Committee did not include Ms. Redstone or Mr. Steele.  NAI denies the remaining allegations in paragraph 51.

52.     NAI denies the allegations in paragraph 52.

53.     NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning communications between Midway's management and Board of Directors.  NAI denies the remaining allegations in paragraph 53.

54.     NAI denies the allegations in paragraph 54.

55.     NAI denies the allegations in paragraph 55 and refers the Court to the transcript of NAI's Rule 30(b)(6) witness for the complete testimony.

56.     NAI admits that the "put" date was known to Midway.  NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning communications between Midway's management and Board of Directors.  NAI denies the remaining allegations in paragraph 56.

57.     NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58.     NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning communications between Midway's management and Board of Directors.  NAI denies the remaining allegations in paragraph 58.

59.     NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the actions of Midway's Board of Directors and management.  NAI denies the remaining allegations in paragraph 59.

60.     NAI admits that Midway and NAI negotiated the terms of the NAI Factoring Agreement.  NAI denies the remaining allegations in paragraph 60.

61.     NAI admits that the NAI Factoring Agreement was a true sale and that Midway's Board of Directors was aware of the NAI Factoring Agreement.  NAI denies the remaining allegations in paragraph 61.

62.     NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63.     NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 concerning the composition of the Special Committee.  NAI denies the remaining allegations in paragraph 63.

64.     NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65.     NAI denies the allegations in paragraph 65 and refers the Court to the NAI Factoring Agreement for its terms and conditions.

66.     NAI admits that from September 15, 2008, NAI secured not less than $497,132.01 in interest and fees combined, pursuant to the NAI Factoring Agreement and as a

result of its performance under the NAI Factoring Agreement.  NAI denies the

remaining allegations in paragraph 66.

67.    NAI denies the allegations in paragraph 67.

68.    NAI lacks knowledge or information sufficient to form a belief as to the truth of

the allegations concerning the formation, authority or deliberations of the Special

Committee.  NAI denies the remaining allegations in paragraph 68.

69.    NAI admits the allegations in paragraph 69.

70.    NAI admits that NAI indirectly owns majority voting interests in CBS and

Viacom Inc.  NAI denies the remaining allegations in paragraph 70.

71.    NAI denies the allegations in paragraph 71.

72.    NAI admits that it did not inform Midway of its plan to sell its stock in Midway.

NAI denies the remaining allegations in paragraph 72.

73.    NAI denies the allegations in paragraph 73.

74.    NAI denies the allegations in paragraph 74.

75.    NAI lacks knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 75 that Thomas was an individual of relatively

limited means and sophistication.  NAI denies the remaining allegations in

paragraph 75.

76.    NAI denies the allegations in paragraph 76.

77.    NAI admits that the NAI Defendants would not agree to indemnify Thomas for

claims of unjust enrichment, corporate waste, and other claims, and that Thomas

lowered his offer to $100,000.  NAI denies the remaining allegations in paragraph

77.

78.     NAI denies the allegations in paragraph 78, except admits that NAI did not make a counter-offer.

79.     NAI denies the allegations in paragraph 79, except admits that on November 28, 2008, NAI, Sumco, Inc., and Sumner M. Redstone sold their equity stake in Midway to Thomas and NAI sold participation rights in certain loans to Thomas.

80.     NAI admits the allegations in paragraph 80.

81.     NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82.     NAI denies the allegations in paragraph 82.

83.     Paragraph 83 contains legal conclusions which NAI is not required to admit or deny.  To the extent an answer is required, NAI denies the allegations in Paragraph 83.

84.     Paragraph 84 contains legal conclusions which NAI is not required to admit or deny.  To the extent an answer is required, NAI denies the allegations in Paragraph 84.

85.     NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 concerning the amount of Tax Attributes available to Midway.  Paragraph 85 contains legal conclusions which NAI is not required to admit or deny.  To the extent an answer is required, NAI denies the allegations in Paragraph 85.

86.     Paragraph 86 contains legal conclusions which NAI is not required to admit or deny.  To the extent an answer is required, NAI denies the allegations in paragraph 86.

87.     NAI denies the allegations in paragraph 87.

88.     NAI admits that it was served with subpoenas for the production of information. NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Thomas's claims.  NAI denies the remaining allegations in paragraph 88.

89.     NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Thomas's background in the videogame industry, his financial resources, and the reasons for which he purchased NAI's interest in Midway.  NAI denies the remaining allegations in paragraph 89.

90.     NAI denies the allegations in paragraph 90.

91.     NAI denies the allegations in paragraph 91.

92.     NAI denies the allegations in paragraph 92, except admits that Midway filed for Chapter 11 bankruptcy protection on February 12, 2009.

93.     NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purpose and amount of Midway's director fees. NAI denies the remaining allegations in paragraph 93.

94.     NAI admits the allegations in paragraph 94.

95.     Paragraph 95 contains Plaintiff's summary and characterization of a motion in the bankruptcy proceeding, to which no response is required.  NAI refers the Court to the record for a true and accurate statement of its contents.

96.     Paragraph 96 contains Plaintiff's summary and characterization of an objection to to a motion in the bankruptcy proceeding, to which no response is required.  NAI refers the Court to the record for a true and accurate statement of its contents.

14

97.     NAI admits the allegations in paragraph 97.

98.     Paragraph 98 contains Plaintiff's summary and characterization of a hearing held by the Court, to which no response is required.  NAI refers the Court to the record for a true and accurate statement of its contents.

99.     Paragraph 99 contains Plaintiff's summary and characterization of an order of this Court, to which no response is required.  NAI refers the Court to the record for a true and accurate statement of its contents.

100.    NAI denies the allegations in paragraph 100, except admits that the Committee commenced this adversary proceeding on May 11, 2009.

101.    Paragraph 101 contains Plaintiff's summary and characterization of its settlement agreement with Thomas, to which no response is required.  NAI refers the Court to the record for a true and accurate statement of its contents.

102.    NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the conduct of Midway's Board of Directors.  The remaining allegations in paragraph 102 contain Plaintiff's summary and characterization of its settlement agreement with Thomas, to which no response is required.  NAI refers the Court to the record for a true and accurate statement of its contents.

103.    The first three sentences of paragraph 103 contain Plaintiff's summary and characterization of an order of this Court, to which no response is required.  NAI refers the Court to the record for a true and accurate statement of its contents.  NAI denies the remaining allegations in paragraph 103.

DB02:9471863.1

068244.1001

## CLAIMS FOR RELIEF

### First Claim for Relief

### (Recharacterization of the NAI Facility Against NAI)

104.    In response to paragraph 104, NAI repeats its responses to each and every allegation in paragraphs 1 through 103 above as if fully set forth herein.

105.    NAI denies the allegations in paragraph 105.

106.    NAI denies the allegations in paragraph 106.

107.    NAI lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning what third-party lenders would have done.  NAI denies the remaining allegations in paragraph 107.

108.    NAI denies the allegations in paragraph 108.

109.    NAI denies the allegations in paragraph 109.

110.    NAI denies the allegations in paragraph 110.

### Second Claim for Relief

### (Actual Fraudulent Transfer Under 11 U.S.C. § 548(a)(1)(A) Against NAI and Recovery of Transfer Under 11 U.S.C. § 550:  The NAI Facility)

111.    No response is required to paragraph 111 because the second claim for relief has been dismissed by this Court's Order of February 3, 2010.

112.    No response is required to paragraph 112 because the second claim for relief has been dismissed by this Court's Order of February 3, 2010.

113.    No response is required to paragraph 113 because the second claim for relief has been dismissed by this Court's Order of February 3, 2010.

114.    No response is required to paragraph 114 because the second claim for relief has been dismissed by this Court's Order of February 3, 2010.

DB02:9471863.1                                            068244.1001

115.    No response is required to paragraph 115 because the second claim for relief has been dismissed by this Court's Order of February 3, 2010.

116.    No response is required to paragraph 116 because the second claim for relief has been dismissed by this Court's Order of February 3, 2010.

117.    No response is required to paragraph 117 because the second claim for relief has been dismissed by this Court's Order of February 3, 2010.

### Third Claim for Relief

**(Constructive Fraudulent Transfer Under 11 U.S.C. § 548(a)(1)(B) Against NAI and Recovery of Transfer under 11 U.S.C. § 550:  The NAI Facility)**

118.    In response to paragraph 118, NAI repeats its responses to each and every allegation in paragraphs 1 through 117 above as if fully set forth herein.

119.    NAI admits that Midway transferred money to NAI pursuant to the NAI Facility on certain of the dates and in certain of the amounts set forth in paragraph 50. NAI denies the remaining allegations in paragraph 119.

120.    NAI admits that on February 29, 2008, NAI entered into the NAI Facility with Midway, that on that date NAI, Sumco, Inc., and Sumner M. Redstone collectively owned approximately 87% of Midway's outstanding common stock, and that Midway's Board of Directors was elected by shareholder vote.  NAI denies the remaining allegations in paragraph 120.

121.    NAI denies the allegations in paragraph 121.

122.    NAI denies the allegations in paragraph 122.

123.    Paragraph 123 contains legal conclusions which NAI is not required to admit or deny.  To the extent an answer is required, NAI denies the allegations in paragraph 123.

DB02:9471863.1                                                                     068244.1001

124.    NAI admits that Midway intended to incur and believed that it would incur the obligations set forth in the NAI Facility.  NAI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 124.

125.    NAI admits the allegations in paragraph 125 (to the extent they relate to the transfers described in paragraph 50 that NAI received).

126.    NAI denies the allegations in paragraph 126.

**Fourth Claim for Relief**

**(Actual Fraudulent Transfer Under 11 U.S.C. § 544 Against NAI and Recovery of Transfer Under 11 U.S.C. § 550:  The NAI Facility)**

127.    No response is required to paragraph 127 because the fourth claim for relief has been dismissed by this Court's Order of February 3, 2010.

128.    No response is required to paragraph 128 because the fourth claim for relief has been dismissed by this Court's Order of February 3, 2010.

129.    No response is required to paragraph 129 because the fourth claim for relief has been dismissed by this Court's Order of February 3, 2010.

130.    No response is required to paragraph 130 because the fourth claim for relief has been dismissed by this Court's Order of February 3, 2010.

131.    No response is required to paragraph 131 because the fourth claim for relief has been dismissed by this Court's Order of February 3, 2010.

132.    No response is required to paragraph 132 because the fourth claim for relief has been dismissed by this Court's Order of February 3, 2010.

133.    No response is required to paragraph 133 because the fourth claim for relief has been dismissed by this Court's Order of February 3, 2010.

DB02:9471863.1                                                                                    068244.1001

134.    No response is required to paragraph 134 because the fourth claim for relief has been dismissed by this Court's Order of February 3, 2010.

**Fifth Claim for Relief**

**(Constructive Fraudulent Transfer Under 11 U.S.C. § 544 Against NAI and Recovery of Transfer Under 11 U.S.C. § 550:  The NAI Facility)**

135.    In response to paragraph 135, NAI repeats its responses to each and every allegation in paragraphs 1 through 134 above as if fully set forth herein.

136.    NAI admits that Midway transferred money to NAI pursuant to the NAI Facility on certain of the dates and in certain of the amounts set forth in paragraph 50. NAI denies the remaining allegations in paragraph 136.

137.    NAI admits that on February 29, 2008, NAI entered into the NAI Facility with Midway, that on that date NAI, Sumco, Inc., and Sumner M. Redstone collectively owned approximately 87% of Midway's outstanding common stock, and that Midway's Board of Directors was elected by shareholder vote.  NAI denies the remaining allegations in paragraph 137.

138.    NAI denies the allegations in paragraph 138.

139.    NAI denies the allegations in paragraph 139.

140.    NAI admits that Midway intended to incur and believed that it would incur the obligations set forth in the NAI Facility.  NAI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 140.

141.    Paragraph 141 contains legal conclusions which NAI is not required to admit or deny.  To the extent an answer is required, NAI denies the allegations in paragraph 141.

142.    Paragraph 142 contains legal conclusions which NAI is not required to admit or deny.  To the extent an answer is required, NAI admits that the transfers described in paragraph 119 were made to it.  NAI denies the remaining allegations in paragraph 142.

143.    NAI denies the allegations in paragraph 143.

144.    Paragraph 144 contains legal conclusions which NAI is not required to admit or deny.  To the extent an answer is required, NAI states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the nature of the claims against Midway and denies the remaining allegations in paragraph 144.

145.    Paragraph 145 contains legal conclusions which NAI is not required to admit or deny.  To the extent an answer is required, NAI admits the allegations in paragraph 145 (to the extent they relate to the transfers described in paragraph 50 that NAI received).

146.    NAI denies the allegations contained in paragraph 146.

### Sixth Claim for Relief

**(Avoidable Preference Under 11 U.S.C. § 547 Against NAI and Recovery of Transfer Under 11 U.S.C. § 550:  The NAI Facility)**

147.    In response to paragraph 147, NAI repeats its responses to each and every allegation in paragraphs 1 through 146 above as if fully set forth herein.

148.    NAI admits that Midway transferred money to NAI pursuant to the NAI Facility on certain of the dates and in certain of the amounts set forth in paragraph 50.  NAI denies the remaining allegations in paragraph 148.

DB02:9471863.1                                                                                                                                    068244.1001

149.    NAI admits that on February 29, 2008, NAI entered into the NAI Facility with Midway, that on that date NAI, Sumco, Inc., and Sumner M. Redstone collectively owned approximately 87% of Midway's outstanding common stock, and that Midway's Board of Directors was elected by shareholder vote.  NAI denies the remaining allegations in paragraph 149.

150.    NAI denies the allegations in paragraph 150.

151.    NAI denies the allegations in paragraph 151.

152.    Paragraph 152 contains legal conclusions which NAI is not required to admit or deny.  To the extent an answer is required, NAI admits that it was a creditor of Midway.

153.    Paragraph 153 contains legal conclusions which NAI is not required to admit or deny.  To the extent an answer is required, NAI denies the allegations in paragraph 153.

154.    NAI denies the allegations in paragraph 154.

155.    NAI admits that Midway transferred money to NAI pursuant to the NAI Facility on certain of the dates and in certain of the amounts set forth in paragraph 50. The remaining allegations in paragraph 155 contain legal conclusions which NAI is not required to admit or deny.  To the extent an answer is required, NAI denies the remaining allegations in paragraph 155.

156.    Paragraph 156 contains legal conclusions which NAI is not required to admit or deny.  To the extent an answer is required, NAI denies the allegations in paragraph 156.

DB02:9471863.1                                                                                          068244.1001

157.     Paragraph 157 contains legal conclusions which NAI is not required to admit or

         deny.  To the extent an answer is required, NAI admits the allegations in

         paragraph 157 (to the extent they relate to the transfers described in paragraph 50

         that NAI received).

158.     NAI denies the allegations in paragraph 158.

### Seventh Claim for Relief

### (Recharacterization of the NAI Factoring Agreement Against NAI)

159.     In response to paragraph 159, NAI repeats its responses to each and every

         allegation in paragraphs 1 through 158 above as if fully set forth herein.

160.     NAI denies the allegations in paragraph 160.

161.     NAI denies the allegations in paragraph 161.

162.     NAI denies the allegations in paragraph 162.

163.     NAI denies the allegations in paragraph 163.

164.     NAI denies the allegations in paragraph 164.

### Eighth Claim for Relief

### (Actual Fraudulent Transfer Under § 548(a)(1)(A) Against NAI and Recovery of Transfer Under 11 U.S.C. § 550:  The NAI Factoring Agreement)

165.     No response is required to paragraph 165 because the eighth claim for relief has

         been dismissed by this Court's Order of February 3, 2010.

166.     No response is required to paragraph 166 because the eighth claim for relief has

         been dismissed by this Court's Order of February 3, 2010.

167.     No response is required to paragraph 167 because the eighth claim for relief has

         been dismissed by this Court's Order of February 3, 2010.

168.    No response is required to paragraph 168 because the eighth claim for relief has been dismissed by this Court's Order of February 3, 2010.

169.    No response is required to paragraph 169 because the eighth claim for relief has been dismissed by this Court's Order of February 3, 2010.

170.    No response is required to paragraph 170 because the eighth claim for relief has been dismissed by this Court's Order of February 3, 2010.

171.    No response is required to paragraph 171 because the eighth claim for relief has been dismissed by this Court's Order of February 3, 2010.

172.    No response is required to paragraph 172 because the eighth claim for relief has been dismissed by this Court's Order of February 3, 2010.

## Ninth Claim for Relief

### (Constructive Fraudulent Transfer Under § 548(a)(1)(B) Against NAI and Recovery of Transfer Under 11 U.S.C. § 550:  The NAI Factoring Agreement)

173.    No response is required to paragraph 173 because the ninth claim for relief has been dismissed by this Court's Order of February 3, 2010.

174.    No response is required to paragraph 174 because the ninth claim for relief has been dismissed by this Court's Order of February 3, 2010.

175.    No response is required to paragraph 175 because the ninth claim for relief has been dismissed by this Court's Order of February 3, 2010.

176.    No response is required to paragraph 176 because the ninth claim for relief has been dismissed by this Court's Order of February 3, 2010.

177.    No response is required to paragraph 177 because the ninth claim for relief has been dismissed by this Court's Order of February 3, 2010.

DB02:9471863.1                                                                            068244.1001

178.    No response is required to paragraph 178 because the ninth claim for relief has been dismissed by this Court's Order of February 3, 2010.

179.    No response is required to paragraph 179 because the ninth claim for relief has been dismissed by this Court's Order of February 3, 2010.

180.    No response is required to paragraph 180 because the ninth claim for relief has been dismissed by this Court's Order of February 3, 2010.

181.    No response is required to paragraph 181 because the ninth claim for relief has been dismissed by this Court's Order of February 3, 2010.

182.    No response is required to paragraph 182 because the ninth claim for relief has been dismissed by this Court's Order of February 3, 2010.

183.    No response is required to paragraph 183 because the ninth claim for relief has been dismissed by this Court's Order of February 3, 2010.

## Tenth Claim for Relief

**(Actual Fraudulent Transfer Under 11 U.S.C. § 544 Against NAI and Recovery of Transfer Under 11 U.S.C. § 550:  The NAI Factoring Agreement)**

184.    No response is required to paragraph 184 because the tenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

185.    No response is required to paragraph 185 because the tenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

186.    No response is required to paragraph 186 because the tenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

187.    No response is required to paragraph 187 because the tenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

24

188.    No response is required to paragraph 188 because the tenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

189.    No response is required to paragraph 189 because the tenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

190.    No response is required to paragraph 190 because the tenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

191.    No response is required to paragraph 191 because the tenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

**Eleventh Claim for Relief**

**(Constructive Fraudulent Transfer Under 11 U.S.C. § 544 Against NAI and Recovery of Transfer Under 11 U.S.C. § 550:  The NAI Factoring Agreement)**

192.    No response is required to paragraph 192 because the eleventh claim for relief has been dismissed by this Court's Order of February 3, 2010.

193.    No response is required to paragraph 193 because the eleventh claim for relief has been dismissed by this Court's Order of February 3, 2010.

194.    No response is required to paragraph 194 because the eleventh claim for relief has been dismissed by this Court's Order of February 3, 2010.

195.    No response is required to paragraph 195 because the eleventh claim for relief has been dismissed by this Court's Order of February 3, 2010.

196.    No response is required to paragraph 196 because the eleventh claim for relief has been dismissed by this Court's Order of February 3, 2010.

197.    No response is required to paragraph 197 because the eleventh claim for relief has been dismissed by this Court's Order of February 3, 2010.

25

198.    No response is required to paragraph 198 because the eleventh claim for relief has been dismissed by this Court's Order of February 3, 2010.

199.    No response is required to paragraph 199 because the eleventh claim for relief has been dismissed by this Court's Order of February 3, 2010.

200.    No response is required to paragraph 200 because the eleventh claim for relief has been dismissed by this Court's Order of February 3, 2010.

201.    No response is required to paragraph 201 because the eleventh claim for relief has been dismissed by this Court's Order of February 3, 2010.

202.    No response is required to paragraph 202 because the eleventh claim for relief has been dismissed by this Court's Order of February 3, 2010.

203.    No response is required to paragraph 203 because the eleventh claim for relief has been dismissed by this Court's Order of February 3, 2010.

### Twelfth Claim for Relief

### (Avoidable Preference Under 11 U.S.C. § 547 Against NAI and Recovery of Transfer Under 11 U.S.C. § 550:  The NAI Factoring Agreement)

204.    In response to paragraph 204, NAI repeats its responses to each and every allegation in paragraphs 1 through 203 above as if fully set forth herein.

205.    NAI denies that Paragraph 66 lists any specific dates and amounts and on that basis denies the allegations in the first sentence of Paragraph 205.  NAI denies the remaining allegations in paragraph 205.

206.    NAI admits that on September 15, 2008, NAI entered into the NAI Factoring Agreement with Midway, that on that date NAI, along with Sumco, Inc. and Sumner M. Redstone, collectively owned approximately 87% of the outstanding

common stock of Midway, and that Midway's Board of Directors was elected by shareholder vote. NAI denies the remaining allegations in paragraph 206.

207.    NAI denies the allegations in paragraph 207.

208.    NAI denies the allegations in paragraph 208.

209.    Paragraph 209 contains legal conclusions which NAI is not required to admit or deny. To the extent an answer is required, NAI denies the allegations in paragraph 209.

210.    Paragraph 210 contains legal conclusions which NAI is not required to admit or deny. To the extent an answer is required, NAI denies the allegations in paragraph 210.

211.    NAI denies the allegations in paragraph 211.

212.    Paragraph 212 contains legal conclusions which NAI is not required to admit or deny. To the extent an answer is required, NAI denies the allegations in paragraph 212.

213.    Paragraph 213 contains legal conclusions which NAI is not required to admit or deny. To the extent an answer is required, NAI denies the allegations in paragraph 213.

214.    NAI denies the allegations in paragraph 214.

215.    NAI denies the allegations in paragraph 215.

## Thirteenth Claim for Relief

### (Constructive Fraudulent Transfer Under § 548(a)(1)(B) Against the Board Defendants and Recovery of Transfer Under 11 U.S.C. § 550:  Director Fees)

216.    No response is required to paragraph 216 because the thirteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

217.    No response is required to paragraph 217 because the thirteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

218.    No response is required to paragraph 218 because the thirteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

219.    No response is required to paragraph 219 because the thirteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

220.    No response is required to paragraph 220 because the thirteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

221.    No response is required to paragraph 221 because the thirteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

222.    No response is required to paragraph 222 because the thirteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

223.    No response is required to paragraph 223 because the thirteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

224.    No response is required to paragraph 224 because the thirteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

## Fourteenth Claim for Relief

### (Constructive Fraudulent Transfer Under 11 U.S.C. § 544 Against the Board Defendants and Recovery of Transfer Under 11 U.S.C. § 550:  Director Fees)

225.    No response is required to paragraph 225 because the fourteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

226.    No response is required to paragraph 226 because the fourteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

DB02:9471863.1

068244.1001

227.    No response is required to paragraph 227 because the fourteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

228.    No response is required to paragraph 228 because the fourteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

229.    No response is required to paragraph 229 because the fourteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

230.    No response is required to paragraph 230 because the fourteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

231.    No response is required to paragraph 231 because the fourteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

232.    No response is required to paragraph 232 because the fourteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

233.    No response is required to paragraph 233 because the fourteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

234.    No response is required to paragraph 234 because the fourteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

235.    No response is required to paragraph 235 because the fourteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

236.    No response is required to paragraph 236 because the fourteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

## Fifteenth Claim for Relief

**(Avoidable Preference Under 11 U.S.C. § 547 Against the Board Defendants and Recovery of Transfer Under 11 U.S.C. § 550:  Director Fees)**

237.    No response is required to paragraph 237 because the fifteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

238.    No response is required to paragraph 238 because the fifteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

239.    No response is required to paragraph 239 because the fifteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

240.    No response is required to paragraph 240 because the fifteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

241.    No response is required to paragraph 241 because the fifteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

242.    No response is required to paragraph 242 because the fifteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

243.    No response is required to paragraph 243 because the fifteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

244.    No response is required to paragraph 244 because the fifteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

245.    No response is required to paragraph 245 because the fifteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

## Sixteenth Claim for Relief

### (Breach of Fiduciary Duty Against the Board Defendants:  The NAI Facility)

246.   No response is required to paragraph 246 because the sixteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

247.   No response is required to paragraph 247 because the sixteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

248.   No response is required to paragraph 248 because the sixteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

249.   No response is required to paragraph 249 because the sixteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

250.   No response is required to paragraph 250 because the sixteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

251.   No response is required to paragraph 251 because the sixteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

252.   No response is required to paragraph 252 because the sixteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

## Seventeenth Claim for Relief

### (Breach of Fiduciary Duty Against the Board Defendants:  The NAI Factoring Agreement)

253.   No response is required to paragraph 253 because the seventeenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

254.   No response is required to paragraph 254 because the seventeenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

255.   No response is required to paragraph 255 because the seventeenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

256.    No response is required to paragraph 256 because the seventeenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

257.    No response is required to paragraph 257 because the seventeenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

258.    No response is required to paragraph 258 because the seventeenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

259.    No response is required to paragraph 259 because the seventeenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

## Eighteenth Claim for Relief

**(Breach of Fiduciary Duty Against the Redstone Defendants:  The NAI Facility)**

260.    No response is required to paragraph 260 because the eighteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

261.    No response is required to paragraph 261 because the eighteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

262.    No response is required to paragraph 262 because the eighteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

263.    No response is required to paragraph 263 because the eighteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

264.    No response is required to paragraph 264 because the eighteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

DB02:9471863.1                                                                                                    068244.1001

## Nineteenth Claim for Relief

### (Breach of Fiduciary Duty Against the Redstone Defendants:
### The NAI Factoring Agreement)

265.    No response is required to paragraph 265 because the nineteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

266.    No response is required to paragraph 266 because the nineteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

267.    No response is required to paragraph 267 because the nineteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

268.    No response is required to paragraph 268 because the nineteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

269.    No response is required to paragraph 269 because the nineteenth claim for relief has been dismissed by this Court's Order of February 3, 2010.

## Twentieth Claim for Relief

### (Aiding and Abetting Breach of Fiduciary Duty Against the Board Defendants)

270.    No response is required to paragraph 270 because the twentieth claim for relief has been dismissed by this Court's Order of February 3, 2010.

271.    No response is required to paragraph 271 because the twentieth claim for relief has been dismissed by this Court's Order of February 3, 2010.

272.    No response is required to paragraph 272 because the twentieth claim for relief has been dismissed by this Court's Order of February 3, 2010.

273.    No response is required to paragraph 273 because the twentieth claim for relief has been dismissed by this Court's Order of February 3, 2010.

DB02:9471863.1

068244.1001

274.    No response is required to paragraph 274 because the twentieth claim for relief has been dismissed by this Court's Order of February 3, 2010.

## Twenty-First Claim for Relief

### (Aiding and Abetting Breach of Fiduciary Duty Against the Redstone Defendants)

275.    No response is required to paragraph 275 because the twenty-first claim for relief has been dismissed by this Court's Order of February 3, 2010.

276.    No response is required to paragraph 276 because the twenty-first claim for relief has been dismissed by this Court's Order of February 3, 2010.

277.    No response is required to paragraph 277 because the twenty-first claim for relief has been dismissed by this Court's Order of February 3, 2010.

278.    No response is required to paragraph 278 because the twenty-first claim for relief has been dismissed by this Court's Order of February 3, 2010.

279.    No response is required to paragraph 279 because the twenty-first claim for relief has been dismissed by this Court's Order of February 3, 2010.

## Twenty-Second Claim for Relief

### (Equitable Subordination of the Insider Subordinated Facility Against the NAI)

280.    No response is required to paragraph 280 because the twenty-second claim for relief has been dismissed by this Court's Order of February 3, 2010.

281.    No response is required to paragraph 281 because the twenty-second claim for relief has been dismissed by this Court's Order of February 3, 2010.

282.    No response is required to paragraph 282 because the twenty-second claim for relief has been dismissed by this Court's Order of February 3, 2010.

283.    No response is required to paragraph 283 because the twenty-second claim for relief has been dismissed by this Court's Order of February 3, 2010.

DB02:9471863.1                                      068244.1001

284.    No response is required to paragraph 284 because the twenty-second claim for relief has been dismissed by this Court's Order of February 3, 2010.

285.    No response is required to paragraph 285 because the twenty-second claim for relief has been dismissed by this Court's Order of February 3, 2010.

## AFFIRMATIVE DEFENSES

1.    Any alleged avoidable transfer may not be recovered, in whole or in part, because it was intended to be and, in fact, constituted a substantially contemporaneous exchange for new value pursuant to 11 U.S.C. 547(c)(1).

2.    Any otherwise avoidable transfer to or for the benefit of NAI (i) constituted payment of a debt incurred in the ordinary course of business or financial affairs of Midway and NAI; (ii) was made in the ordinary course of business or financial affairs of Midway and NAI; and (iii) was made according to ordinary business terms, pursuant to 11 U.S.C. 547(c)(2).

3.    The Committee's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, laches, waiver, estoppel, ratification, unjust enrichment or other equitable doctrine.

4.    The Committee's claims are barred, in whole or in part, by the doctrine of release.

5.    The Committee's claims are barred, in whole or in part, by the doctrine of earmarking, because money loaned to a debtor for the specific purpose of repaying a designated debt is not part of the estate available for distribution to creditors.

6.    In exchange for any transfer or obligation, NAI took for value, in good faith, and without knowledge of the alleged voidability of any of the transfers or obligations.

7.    The payments were made to NAI for value and in good faith and therefore NAI has a lien on or may retain any interest in the payments pursuant to the Bankruptcy

Code, including 11 U.S.C. § 548(c), and applicable state law.

## DEFENSES RESERVED

The foregoing affirmative defenses are raised by NAI without waiver of any other defenses that may come to light during the discovery proceedings in this case or otherwise.  NAI hereby reserves the right to amend or supplement its answer to assert any other related defenses as they become available.

Dated:  April 6, 2010

Respectfully submitted,

/s/ Michael S. Neiburg
YOUNG CONAWAY STARGATT &
TAYLOR LLP
Pauline K. Morgan (No. 3650)
John T. Dorsey (No. 2988)
Michael S. Neiburg (No. 5275)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19899
Tel: (302) 571-6600
Fax: (302) 571-1253

SHEARMAN & STERLING LLP
Stuart J. Baskin
Jaculin Aaron
Brian H. Polovoy
599 Lexington Avenue
New York, NY 10022
Tel: (212) 848-4000
Fax: (212) 848-7179

*Attorneys for Defendant National Amusements, Inc.*